The Honorable Nancy Kelley Wittenberg Secretary, Department of Professional Regulation
QUESTION:
Is it unlawful under s. 934.03(2)(c), F.S., for a Department of Professional Regulation investigator, not acting under the direction of a law enforcement officer, to intercept wire or oral communications, when such an investigator is a party to the communication, or one of the parties to the communication has given prior consent to such interception and the purpose for such interception is to obtain evidence of a criminal act?
SUMMARY:
The Department of Professional Regulation's investigators acting independently and not under the direction of a law enforcement officer, as defined by s. 934.02(6), F.S. (1980 Supp.), are not authorized by the provisions of s. 934.03(2)(c), F.S. (1980 Supp.), to intercept or make application for authorization to intercept wire or oral communications regardless of whether any such investigator is or may be a party to any such communication or one of the parties thereto has given prior consent to any such interception and irrespective of the purpose of such interception.
Your inquiry states that you are concerned that penalties provided in ch. 934, F.S., as specifically set forth in s. 934.03, F.S., might be applicable to your investigators if they do not work under the direction of a law enforcement officer at the time a wire or oral communication intercept is made by one of your investigators.
Your question itself establishes that the department's investigators are not or will not be acting under the direction of a law enforcement officer. Therefore, by its plain terms, s.934.03(2)(c), F.S. (1980 Supp.), is inapplicable and of no operative force, and this circumstance operates to dispose of your question. However, to be of some assistance and guidance to you, I offer the following discussion of the critical or essential provisions of the security of communications law applicable to your question.
Section 934.06, F.S. 1979, provides that no part of the contents of any intercepted wire or oral communication and no evidence derived therefrom may be received or used in evidence in any
 . . . trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter.
In following the mandate of ch. 934, F.S., it is clear that authorization must first be obtained from the Governor, the Attorney General, or any State Attorney for an application to a judge of competent jurisdiction, as defined in s. 934.02(8), F.S., for an order authorizing or approving the interception of wire or oral communications by the Department of Law Enforcement or any law enforcement agency of this state or its political subdivisions (as defined by s. 934.02(10), F.S. (1980 Supp.)) having responsibility for investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling, robbery, burglary, theft, dealing in stolen property, prostitution, criminal usury, bribery, extortion, or dealing in narcotic drugs or other dangerous drugs; any violation of the provision of the Florida Anti-Fencing Act; or any conspiracy to commit any violation of the laws of this state relating to the crimes specifically enumerated in s. 934.07, F.S.
It is clear by definition that an investigator for the Department of Professional Regulation is not a law enforcement officer as defined in s. 934.02(6), F.S., because said individual is not empowered by law to conduct investigations of, or to make arrest for, the offenses enumerated in s. 934.07 F.S. Neither is the department a law enforcement agency as defined by s. 934.02(10) F.S. (1980 Supp.), since it is not the primary responsibility of the Department of Professional Regulation to prevent and detect crime or enforce the penal, traffic, or highway laws of the state and its agents or employees are not empowered by law to conduct criminal investigations and to make arrests. A review of the provisions of ch. 455, F.S., shows that the department and its investigators are without arrest powers and the primary responsibility of the department and its investigators is not the prevention and detection of crime and its investigators are not empowered by law to conduct criminal investigations into or of crimes or criminal offenses enumerated in s. 934.07 F.S., or to enforce the state's penal or traffic laws. Therefore, the answer to the question posed by you as to investigative activities of your investigators who are not acting under the direction of a law enforcement officer as defined in s. 934.02(6) must be in the negative.
Your attention is drawn to State v. Tsavaris, 394 So.2d 418 (Fla. 1981), wherein a medical examiner answered a telephone call from a person involved in the circumstances surrounding a homicide in the presence of a sheriff's detective who had just informed the medical examiner of such person's involvement. The medical examiner answered the call on his speaker phone and the detective overheard the entire conversation over the speaker phone. Although not instructed by the detective to do so, the medical examiner turned on a recording device and, after asking the caller to identify himself again, recorded the conversation. The court found the recording of this telephone conversation to be an unlawful interception and that no part of the contents thereof were admissible into evidence. See also AGO 080-5 for a general discussion of the security or communications law and its governing provisions pertaining to wire communications and lawful exceptions from its sanctions.
Your attention is also directed to the provisions of s. 934.10, F.S., authorizing the recovery of civil damages by any persons whose wire or oral communications are intercepted, disclosed or used in violation of the provisions of ch. 934 and fixing minimum actual damages and providing for other damages and attorney's fees and other litigation costs reasonably incurred. Good faith reliance on a court order or legislative authorization, neither of which appear to be involved within the purview of your question or for the purposes of this opinion, constitutes a complete defense to any civil or criminal action under the laws of Florida.
Prepared by: James M. Corrigan, Assistant Attorney General